UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

March 14, 2023

LETTER TO ALL COUNSEL OF RECORD

Re: *Candace V.-R. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-1359-BAH

Dear Counsel:

On June 5, 2022, Plaintiff Candace V.-R. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, ECF 8, and the parties' cross-motions for summary judgment, including Plaintiff's alternative motion for remand, ECFs 11 and 12.[1] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion for summary judgment and alternative motion for remand, GRANT Defendant's motion for summary judgment, and AFFIRM the Commissioner's decision. This letter explains why.

## I. PROCEDURAL BACKGROUND

Plaintiff protectively filed a Title II application for Disability Insurance Benefits ("DIB") on November 21, 2019, alleging a disability onset of June 1, 2018. Tr. 19, 171–72. Plaintiff's claim was denied initially and on reconsideration. Tr. 85–107. On May 10, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 38–82. Following the hearing, on July 15, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 19–33. Plaintiff then requested review of the ALJ's decision by the Appeals Council. Tr. 162. On April 1, 2022, the Appeals Council issued a decision

---

[1] The Court acknowledges Standing Order 2022-04 amending the Court's procedures regarding Social Security appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, the nomenclature of parties' filings has changed to "briefs" from "motions for summary judgment." Because Plaintiff's motion in this case was filed prior to the effective date of the Standing Order, and because both parties' motions are docketed as motions for summary judgment, the Court will refer to them as motions for summary judgment.

[2] 42 U.S.C. §§ 301 et seq.

adopting the ALJ's findings, conclusions and "statements regarding the . . . evidentiary facts" and concluding that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 4–8. The Appeals Council's decision (which adopts the ALJ's findings and conclusions) constitutes the final, reviewable decision of the SSA. *See* 20 C.F.R. § 404.981.

## II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 1, 2018, the alleged onset date. Tr. 22. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "severe C5-C7 foraminal stenosis; obesity; mild lumbar scoliosis; mild to moderate degenerative changes in the lumbar spine; severe right knee osteoarthritis (OA) and moderate left knee OA; and moderate degenerative OA of the first metatarsophalangeal joint and osseous bunion of the bilateral feet." *Id*. (citations omitted). The ALJ also determined that Plaintiff suffered from the non-severe impairments of diabetes mellitus (DM), hypertension (HTN), drug-induced chronic gout, primary open angle glaucoma of both eyes, depression, and headaches. *Id*. (citations omitted). At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 24. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a), except for the following: the claimant can occasionally perform all postural activities, except never climb ladders, ropes, or scaffolds; the claimant can sit and stand at 30 minute intervals; the claimant can only occasionally reach, handle, finger, and feel; and the claimant can have no more than occasional contact with heat or cold.

Tr. 26. The ALJ determined that Plaintiff could not perform past relevant work as an administrative assistant (DOT[3] #169.167-010) or an advertising manager (DOT #164.117-010),

---

[3] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected*

but could perform another job (lobbyist, DOT #165.017-010) that existed in significant numbers in the national economy. Tr. 31–32. The ALJ thus concluded that Plaintiff was not disabled. Tr. 33.

### III. LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff raises three arguments on appeal. First, Plaintiff argues that the ALJ and the Appeals Council erroneously evaluated her subjective complaints. ECF 11-1, at 4–10. Second, Plaintiff contends that the ALJ and the Appeals Council failed to adequately support their finding that Plaintiff acquired skills from past relevant work that were transferable to other occupations. *Id.* at 10–14. Third, Plaintiff argues that the ALJ erred in assessing her RFC. *Id.* at 14–21.

Defendant counters that the ALJ and the Appeals Council properly considered Plaintiff's subjective complaints because they "considered, and relied upon, several kinds of evidence in concluding that Plaintiff was not as limited as she alleged." ECF 12-1, at 7. Defendant further contends that the ALJ and the Appeals Council properly found, under relevant SSA regulations, that Plaintiff had transferable skills from her past relevant work. *Id.* at 8–13. Lastly, Defendant argues that the RFC determination in this case was supported by a proper function-by-function analysis and narrative discussion. *Id.* at 13–16.

#### A. PLAINTIFF'S SUBJECTIVE COMPLAINTS

The Court first addresses Plaintiff's argument that the ALJ and Appeals Council

---

*Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

"specifically relied upon the objective medical evidence to discount [her] subjective complaints." ECF 11-1, at 8. The Fourth Circuit has "consistently held that 'while there must be objective medical evidence of some condition that could reasonably produce the pain, there need not be objective evidence of the pain itself or its intensity.'" *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting *Walker v. Bowen*, 889 F.2d 42, 49 (4th Cir. 1985)). In *Arakas*, the Fourth Circuit found that the ALJ had properly concluded that the claimant's "medically determinable impairments 'could reasonably be expected to cause some of the alleged symptoms,' thus satisfying the first step of the symptom-evaluation framework." *Id*. at 96. "But at the second step, the ALJ improperly discredited Arakas's statements about the severity, persistence, and limited effects of her symptoms because [the ALJ] did not find them to be 'completely consistent with the objective evidence.'" *Id*. (internal citations omitted).

"Because Arakas was 'entitled to rely exclusively on subjective evidence to prove' that her symptoms were 'so continuous and/or so severe that [they] prevent[ed] [her] from working a full eight hour day,' the ALJ 'applied an incorrect legal standard' in discrediting her complaints based on the lack of objective evidence corroborating them." *Id.* (alterations in original) (quoting *Hines v. Barnhart*, 453 F.3d 559, 563, 565 (4th Cir. 2006)). The ALJ "failed to account for significant other testimony" and "selectively cited evidence concerning tasks which [the claimant] was capable of performing." *Id*. at 100. The Fourth Circuit concluded that the ALJ "'improperly increased [the claimant's] burden of proof' by effectively requiring her subjective descriptions of her symptoms to be supported by objective medical evidence." *Id*. at 96 (quoting *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017)).

Here, contrary to Plaintiff's assertion and to the facts in *Arakas*, the ALJ did not require Plaintiff to "prove the type and degree of her subjective complaints by objective medical evidence." ECF 11-1, at 8. Plaintiff does not explicitly identify which of her subjective complaints were improperly discounted by the ALJ. Nonetheless, a careful review of the ALJ's decision shows that the ALJ permissibly assessed these complaints. Here, the ALJ concluded that "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" Tr. 27. The ALJ explained her conclusion by noting that "the objective examinations, including PEs, x-rays, and MRIs, indicate mostly normal / mild / moderate findings overall" and that "the claimant has received fairly conservative treatment, including medications, PT, and a lumbar support brace." Tr. 28 (citations omitted).

A careful reading of this analysis reveals that the ALJ merely weighed Plaintiff's subjective complaints against other record evidence. As such, Plaintiff's argument that the ALJ "effectively requir[ed] her subjective complaints to be supported by objective medical evidence" is unavailing. ECF 11-1, at 9. Indeed, *Arakas* holds that "ALJs may not rely on objective medical evidence (or the lack thereof) . . . to discount a claimant's subjective complaints regarding symptoms of . . . some disease *that does not produce such evidence*." *Arakas*, 983 F.3d at 97 (emphasis added). But Plaintiff does not suggest that her subjective complaints relate to a disease that fails to present objective evidence of its existence. Moreover, Plaintiff's reliance on Social Security Ruling ("SSR") 16-3p is misplaced. ECF 11-1, at 8. This ruling makes clear that "[a] report of . . .

inconsistencies in the objective medical evidence is one of the many factors [that the SSA] must consider in evaluating the intensity, persistence, and limiting effects of an individual's symptoms." SSR 16-3p, 2017 WL 5180304 (S.S.A. Oct. 25, 2017). As such, the ALJ and Appeals Council did not err in weighing Plaintiff's subjective complaints against the objective evidence in this case.

Plaintiff also avers that the ALJ erred by "fail[ing] to explain which of [her] subjective complaints she found to be not credible[.]" ECF 11-1, at 10. The ALJ discussed Plaintiff's testimony "that she has pain in her neck and shoulders, . . . numbness in her arms and shoulders," and migraines. Tr. 27. The ALJ then weighed this testimony against objective evidence, Tr. 28, making clear that she identified which of Plaintiff's complaints she found to be inconsistent with the record.

Plaintiff's argument regarding the SSA's evaluation of her subjective complaints amounts a request to reweigh the evidence, which I am not permitted to do. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) ("Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence."). As such, I am constrained to find that the SSA's evaluation of these complaints was supported by substantial evidence.

B.    TRANSFERABILITY OF PLAINTIFF'S SKILLS

Plaintiff next argues that the SSA erred at step five of the sequential evaluation process by failing to show that the skills she acquired from past work were transferable to other skilled or semiskilled sedentary work with little-to-no vocational adjustment. ECF 11-1, at 10–14. Plaintiff avers that because she was limited to sedentary work and turned 55 before the Appeals Council issued its final decision on April 1, 2022, her status as a person of "advanced age" required the Appeals Council to make additional findings at step five. *Id.* at 10–12. Specifically, Plaintiff contends that the Appeals Council was required to find that any sedentary work she could perform was so similar to her previous work that she would need to make very little, if any, adjustment in terms of tools, work processes, work settings, or industry. *Id.* at 12 (citing 20 C.F.R. § 404.1568(d)(4); 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 202.00(c); SSR 82-41).

Plaintiff's argument is unavailing because it relies on inapplicable regulations and rulings. Social Security regulations define a person of ages 50 through 54 as an individual "closely approaching advanced age" and a person of age 55 or older as a person of "advanced age." 20 C.F.R. § 404.1563. Because Plaintiff was born on December 7, 1966, and the ALJ issued her decision on July 15, 2021, Plaintiff was a 54-year-old person "approaching advanced age" at the time of the ALJ's decision. *See id.*; Tr. 31, 33. It is true that the Appeals Council issued the final decision in this case on April 1, 2022, after Plaintiff had turned 55. Tr. 8. But the Appeals Council's decision does not retroactively alter Plaintiff's age category. The Appeals Council only considers evidence that "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970. As such, numerous courts have recognized that the date of an Appeals Council decision is irrelevant to determining a claimant's age category under SSA regulations. *See, e.g.*, *Veach v. Comm'r, Soc. Sec. Admin.*, No. DBH-13-76, 2014 WL 35362, at *7 (D. Me. Jan. 6, 2014) ("[T]he period of alleged disability that is under review ends on the date of the ALJ's

*Candace V.-R. v. Kijakazi*
Civil No. 22-1359-BAH
March 14, 2023
Page 6

decision."); *Morse v. Astrue*, No. CWH-08-291, 2010 WL 1257713, at *4 (M.D. Ga. Mar. 29, 2010) ("Being a year older was a change in circumstance that occurred after the ALJ's decision and did not relate back to the period on or before the ALJ's decision and therefore the Appeals Council did not have to consider it.").

Given this, Plaintiff remained an individual "closely approaching advanced age" during the relevant period in this case. As such, regulations and rulings which are applicable only to persons of "advanced age" are inapplicable to the ALJ's and Appeals Council's decisions in this case. *See* 20 C.F.R. § 404.1568(d)(4) (limiting applicability to "advanced age"); 20 CFR Part 404, Subpart P, Appendix 2, Rule 202.00(c) (limiting applicability to "advanced age"); SSR 82-41 (limiting applicability to "an individual who is age 55 or over").

Plaintiff further contends, irrespective of age category, that the ALJ's and Appeals Council's decisions run afoul of Social Security Ruling 82-41, which provides in relevant part that "[a]ll functional limitations included in the RFC (exertional and nonexertional) must be considered in determining transferability." ECF 11-1, at 13 (citing SSR 82-41). Specifically, she argues that the ALJ erred at step five by failing to ask the vocational expert to consider each of the RFC limitations in determining whether Plaintiff had skills which were transferable to the job of lobbyist. *Id.* at 14. But this argument is belied by a review of the hearing transcript, which shows that the ALJ posed questions regarding: (1) the "reaching, handling, and fingering" relevant to the position; (2) whether the position involves "more than occasional contact with heat or cold"; (3) whether the position can be "performed with sitting and standing at 30-minute intervals"; and (4) whether the position can be performed with a walker, cane, or wheelchair. Tr. 77–80. In response to these questions, the vocational expert confirmed that each consideration could be accommodated by the lobbyist position. *Id.* As such, the ALJ's questions at step five adequately accommodated the RFC's limitations.

    C.    RFC ASSESSMENT

Lastly, the Court addresses Plaintiff's argument that the ALJ erred in assessing her RFC. ECF 11-1, at 14–21. As stated above, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman*, 829 F.2d at 517. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained her findings and rationale in crediting the evidence. *See, e.g.*, *Sterling*, 131 F.3d at 439–40.

Against this backdrop, the Court considers Plaintiff's claim that the ALJ's RFC assessment is not supported by a proper narrative discussion or function-by-function analysis. ECF 11-1, at 14–21. "'[A] proper RFC analysis' proceeds in the following order: '(1) evidence, (2) logical explanation, and (3) conclusion.'" *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (quoting *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)). "An RFC analysis must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015).

Plaintiff's argument that the RFC assessment was improper is unavailing for two reasons. First, the ALJ's failure to perform a function-by-function analysis does not necessarily warrant remand. The Fourth Circuit has held that a *per se* rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id*. (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Remand is only required "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id*. (quoting *Cichocki*, 729 F.3d at 177).

Second, a review of the ALJ's decision makes clear that the ALJ supported her RFC assessment with substantial evidence. The ALJ engaged in a narrative discussion of medical evidence spanning approximately four pages and citing to specific evidence in the record. Tr. 27–30. The ALJ also logically explained how this evidence, along with Plaintiff's testimony, prior administrative findings, and the opinions of various physicians, leads to the conclusion that Plaintiff can perform sedentary work. *Id.* Notably, the ALJ determined that a physician's opinion that Plaintiff could perform light work was only partially persuasive because, among other reasons, Plaintiff's own testimony suggested that "more restrictive limitations" were warranted. Tr. 29. The ALJ then explained why the opinions of three other physicians were either unpersuasive or partially persuasive because of their inconsistency with other evidence. Tr. 29–31. The ALJ also considered how nonmedical evidence, such as Plaintiff's daily activities, supported her conclusions. *See, e.g.*, Tr. 28 ("The claimant was seen without a cane from 2019 to 2021, although [she] testified that she used it during PT in 2019. However, there is no evidence of the use of a walker, in contrast to the claimant's hearing testimony. Furthermore, there is no prescription for a walker or a cane.") (citations omitted). The ALJ concluded, based on this analysis, that the RFC was supported by the evidence of record. Tr. 31.

Despite this ample discussion, Plaintiff argues that the ALJ nonetheless "failed to explain how she determined that [she] was capable of sitting and standing at 30 minute intervals, particularly when [her] physical therapists reported that she was only able to stand for 10 minutes." ECF 11-1, at 17 (citing Tr. 267). A physical therapy progress note prepared on December 10, 2019—and not discussed by the ALJ—does state that Plaintiff can stand for approximately ten minutes before requiring a seat. Tr. 267. But, while an ALJ is required to consider all of a claimant's medical conditions, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (citation omitted). Indeed, a careful reading of the ALJ's decision shows that she based her sitting and standing determination upon the opinion of Dr. Jerry Lee, who opined on March 25, 2020 that Plaintiff was "able to perform work-related activities such as walking, standing, [and] sitting[.]" Tr. 30. The ALJ also noted that, while Dr. Lee opined that Plaintiff "may experience difficulties with prolonged walking [and] prolonged standing, . . . the frequency of these limitations are not provided." *Id.* The ALJ's analysis adequately addressed Plaintiff's ability to sit and stand. As such, the ALJ's RFC determination regarding Plaintiff's ability to stand and sit at 30-minute intervals was supported by substantial evidence.

In sum, Plaintiff's argument that the ALJ improperly determined her RFC amounts to a request to reweigh the evidence. However, "[t]his court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." *Fiske v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)). Although reasonable minds may differ as to whether Plaintiff's documented medical issues warranted an RFC finding of sedentary work, this Court must uphold the ALJ's determination because it is supported by substantial evidence.

V. **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion for summary judgment and alternative motion for remand, ECF 11, is DENIED and Defendant's motion for summary judgment, ECF 12, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge